FILED

JUL 24 2024

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. |
| DONALD CARL HELD, | ) ) 4:24CR00379-JAR/PLC |
| Defendant. | ) ) |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

    1.    Federal law defined the term

    (a)    "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

    (b)    "sexually explicit conduct" to mean actual or simulated--

        (i)    sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

        (ii)    bestiality,

        (iii)    masturbation,

        (iv)    sadistic or masochistic abuse, or

        (v)    lascivious exhibition of the genitals or pubic area of any person (18 U.S.C. §2256(2)(A));

1

(c) "visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format (18 U.S.C. §2256(5));

(d) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§ 2256(6));

(e) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or
>
> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files

3. Between on or about August 1, 2023, and on or about March 5, 2024, within the Eastern District of Missouri and elsewhere,

**DONALD CARL HELD,**

the defendant herein, did knowingly receive child pornography using any means or facility of interstate or foreign commerce and that has been mailed, shipped, or transported in or affecting

interstate or foreign commerce by any means, including by computer, namely, the defendant knowingly received via the internet digital files of child pornography.

In violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT II

The Grand Jury further charges that:

1.  The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

2.  Between on or about August 1, 2023, and on or about March 5, 2024, within the Eastern District of Missouri and elsewhere,

**DONALD CARL HELD,**

the defendant herein, did knowingly distribute child pornography using any means or facility of interstate or foreign commerce and that has been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, namely, the defendant knowingly distributed via the internet digital files of child pornography.

In violation of Title 18, United States Code, Section 2252A(a)(2).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.  Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Sections 2252A(a)(2) as set forth in Counts I

and II of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. Specific property subject to forfeiture includes, but is not limited to,

   a. Motorola Moto G Stylus 5G, IMEI: 351475463356419
   b. Samsung G950F Galaxy S8, IMEI: 357724080271723
   c. Samsung Galaxy S7 Edge
   d. Sanyo Digital Camera VPC-503
   e. Sony MiniDisc
   f. HP Laptop

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
NATHAN L. CHAPMAN, #60978MO
Assistant United States Attorney