UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-CR-00379-JAR-PLC |
| | ) | |
| DONALD CARL HELD, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>UNITED STATES OF AMERICA'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION AND FOR A NEW DETENTION HEARING</u>**

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Nathan L. Chapman, Assistant United States Attorney for said District, and in support of the United States of America's Opposition to Defendant's Motion to Reconsider Order of Detention (hereinafter "Defendant's Motion," Doc. # 21) states as follows:

**PROCEDURAL HISTORY**

The United States incorporates by reference its position as fully stated in the United States of America's Motion for Pretrial Detention and Hearing (Doc. #4). On July 31, 2024, the Defendant appeared for his initial appearance before this Court. At that time, the Defendant waived his right to a detention hearing. This Court subsequently entered its Order of Detention the same day. On August 1, 2024, U.S. Pretrial Services filed its "Pretrial Services Report," recommending detention. (Doc. #15, p. 4).

In its report, Pretrial Services found that the Defendant poses a risk of nonappearance because: 1) the Defendant has no property ownership in this district, 2) the Defendant has family ties outside the Eastern District of Missouri, 3) the Defendant has a history of failing to appear for

scheduled Court appearances, and 4) the Defendant has a history of illicit drug use and alcohol use which may impair his ability to remain abreast of Court appearances. *Id*. Pretrial Services also found that the Defendant poses a risk of danger because: 1) electronics were utilized to facilitate the alleged offense, 2) the alleged offense involved explicit videos of children, 3) it is alleged that the Defendant admitted to sending photographs of minors known to him to the child pornography community to have them "nudified" by AI technology, 4) the Defendant was convicted of driving while intoxicated on two occasions, and any impaired driving presents a danger to the community, and 5) the Defendant has a prior arrest for domestic assault in the third degree. *Id*. In conclusion, the recommendation of Pretrial Services was that the Defendant be detained. *Id*.

On November 5, 2024, the Defendant filed a "Motion to Reconsider Order of Detention." (Doc. #21).

## LEGAL STANDARD

The Defendant is charged with offenses involving a minor victim, specifically Title 18, United States Code, Section 2252A(a)(2) (receipt of child pornography). Accordingly, a rebuttable presumption arises pursuant to Title 18, United States Code, Section 3142(e)(3) that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

Pursuant to Title 18, United States Code, Section 3142(g), factors to be considered are the nature of the allegations against the defendant, the weight of the evidence against the defendant, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

If a defendant is ordered detained, the detention hearing may be reopened at any time before trial if:

> …the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a ***material bearing*** on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Title 18, United States Code, Section 3142(f)(emphasis added).

## ARGUMENT

In his motion, the Defendant presents biographical information about himself in paragraphs 2 through 9. The information contained in paragraphs 2 through 5, and 7 through 9 were obviously known to the Defendant at the time of his waiver, as they are contained in the Pretrial Services Report. In paragraph 6, the Defendant states that he "is the only child who lives close enough to provide the necessary care for his elderly parents and their rural, farmland property." (Doc. #21, p. 2). Although this request is not explicitly contained in the Pretrial Services Report, it was again something obviously known to the Defendant at the time of his waiver.

Although the Defendant's Motion contains arguments in favor of release, it does not present any new information that is ***material*** to whether the Defendant can be safely supervised in the community. There are no facts proffered by the Defendant that he, nor this Court, was not already aware of. Rather, this Court entered its Order of Detention after a knowing and voluntary waiver of the Defendant's detention hearing.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that Defendant's Motion to Reconsider Order of Detention" be denied without a hearing.

3

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

NATHAN L. CHAPMAN, #60978MO
Assistant United States Attorney
111 S. 10th Street, 20th Floor
St. Louis, Missouri   63102
(314) 539-2200
Nathan.Chapman@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties of record.

NATHAN L. CHAPMAN, #60978MO
Assistant United States Attorney