UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24 CR 379 JAR (PLC) |
| ) | |
| DONALD HELD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Donald Held's Motion to Reconsider Order of Detention. ECF No. 21. Mr. Held made his initial appearance on July 31, 2024. The Government moved for pretrial detention. ECF No. 4. The Court was prepared to hold the detention hearing on that same date; however, Mr. Held waived his detention hearing, and the Court granted the Government's detention motion based on his waiver. ECF No. 13.

On November 5, Mr. Held filed a motion asking the Court to reconsider its order of detention and release him on bond. ECF No. 21. The Government opposed the request to reopen the detention hearing. ECF No. 22. The Court heard this motion on November 15. The Court first asked the parties why the detention matter should or should not be reopened. The Court also allowed both parties to proffer their arguments for bond or detention at this hearing.

With respect to the proffered arguments, Defense counsel noted Mr. Held's criminal history is limited to two misdemeanor convictions for driving while intoxicated. Defense counsel discussed a variety of favorable facts contained in the bail report. Defense counsel further noted that Mr. Held could help his elderly parents and assist with caring for their farmland property. The Government noted the presumption in favor of detention and the facts in the bail report which are

1

adverse to Mr. Held. In particular, the Government noted the danger Mr. Held poses to the community. The original motion for detention stated Mr. Held possessed over 1,300 files of child pornography and over 7,300 files of age-difficult pornography. Mr. Held also possessed 402 files of computer-generated child pornography. These computer-generated images included faces of children known to him because Mr. Held obtained photographs of these children and sent them over the internet to the child pornography community to use AI to "nudify" the images and return them to him. At the end of the hearing, Mr. Held said that when he waived his detention hearing he did not understand that he would remain in custody until his case is resolved.

## DISCUSSION

The Bail Reform Act permits reconsideration of detention orders pursuant to 18 U.S.C. § 3142(f), which authorizes the Court to reopen the detention hearing at any time before trial if the judge "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." § 3142(f). "New and material information … consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *United States v. Esposito*, 354 F. Supp. 3d 354, 358-59 (S.D.N.Y. 2019) (citations omitted). "Moreover, and significantly for present purposes, previously unavailable information has *no* material bearing on the factors that must be considered to establish the propriety of pretrial detention *unless* that new information casts different light on any of those factors." *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020) (emphasis original). Therefore, to reopen a detention hearing § 3142(f) requires a defendant to provide "new information" that has a "material bearing on the issue [of] whether there are

conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

Mr. Held's motion to reconsider the order of detention fails to present any new information which was not known to him at the time of the detention hearing. He did not prove any "truly changed circumstances, something unexpected, or a significant event." *Esposito*, 354 F. Supp. 3d at 59. While the Court is generally open to reopening detention hearings for someone who waived that hearing, the Court does not believe reopening the hearing is appropriate in Mr. Held's case. Considering the parties' proffered evidence, the Court finds Mr. Held presents a danger to the community. Mr. Held is entitled to a presumption of innocence. § 3142(j). However, his charged conduct and the uncharged relevant conduct of sending photographs of known children into the child pornography community to generate AI child pornography with these children's faces demonstrate that he poses a present and future risk of danger to the community. The Court further finds that "no condition or combination of conditions will reasonably assure … the safety of any other person and the community." § 3142(e)(1).

Mr. Held claims that he did not realize when he waived his right to detention hearing that he would be kept in jail until the case is resolved. The Court finds this claim to be completely without merit. Mr. Held discussed this matter with his attorney prior to the hearing. The Court advised Mr. Held, from the bench, before accepting his waiver that he would be held in jail until his case is resolved. He also signed a form, together with his attorney, which states immediately above his signature, "I understand I will be detained (held in custody) until my case is resolved." ECF No. 13. The Court finds Mr. Held knowingly and intelligently waived his right to a detention hearing.

The Court finds Mr. Held's motion fails to offer any new factual information which has a material bearing on the safety of the community. Having failed to meet the requirements of the Bail Reform Act necessary to reopen the detention hearing, the Court will deny this request.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Donald Held's Motion for Bond Reconsideration, ECF No. 21, is **DENIED.**

_____
STEPHEN R. WELBY
United States Magistrate Judge

Dated this 20th day of November, 2024.